**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | 1:03-cv-1397-SEB-VSS |
| | ) | IP 02-053-CR-02-B/F |
| BILLY CONN, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

For the reasons explained in this Entry, the motion for relief pursuant to 28 U.S.C. § 2255 of defendant Billy Conn ("Conn") must be **denied.**

**Discussion**

Drug charges and a firearms charge against Conn were resolved through the submission and acceptance of a plea agreement between Conn and the United States. Conn was sentenced and the court's Judgment was entered on the clerk's docket on December 16, 2002. No appeal was filed from this disposition, but Conn now challenges his conviction and sentence, seeking relief pursuant to 28 U.S.C. § 2255.

A specific statute, 28 U.S.C. § 2255, "is the primary collateral relief mechanism for federal prisoners . . . ." *Reyes-Requena v. United States,* 243 F.3d 893, 901 n.19 (5th Cir. 2001). This statute provides for collateral relief from a federal conviction or sentence "upon the grounds that the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States,* 940 F.2d 215, 217 (7th Cir. 1991).

In his Plea Agreement, Conn expressly waived his statutory right to appeal his conviction and sentence on any ground, and agreed not to contest his sentence or the manner in which it was determined in any collateral attack, including an action brought under 28 U.S.C. § 2255. *Plea Agreement*, at ¶ 20 (September 23, 2002). The United States asserts this waiver provision as a barrier to Conn's § 2255 motion. Conn replies that the waiver provision is not a barrier because of the nature of his challenge.

In *Jones v. United States,* 167 F.3d 1142 (7th Cir. 1999), the Court of Appeals addressed for the first time the issue of the enforcement of a plea or cooperation agreement that also waives the right to file a petition under § 2255. In doing so, it concluded that such waivers "are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Id.* at 1145.

*Jones* requires this court to explore the nature of Conn's claims to determine if his challenge relates to the negotiation of the waiver. In other words, can the defendant establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?

Conn's claims do not relate to the presence, validity, or effect of his waiver. His knowing plea of guilty admitted every element of the offenses by pleading guilty. *See United States v. Martin,* 147 F.3d 529 (7th Cir. 1998) (citing *United States v. Broce,* 488 U.S. 563 (1989)). There is no merit to his arguments that his attorney rendered either deficient performance in this case or committed errors which caused prejudice to him. *See Strickland v. Washington,* 466 U.S. 668, 697-88, 694 (1984) (to prove ineffective assistance of counsel, a defendant must demonstrate that he was prejudiced by his counsel's deficient performance; to establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."). Conn does not present any challenge to the validity of the guilty plea itself, nor does the record contain a basis for such a challenge. *See Bontkowski v. United States*, 850 F.2d 306, 314 (7th Cir. 1988).

"A plea of guilty is a 'grave and solemn act.'" *United States v. Loutos,* 383 F.3d 615, 619 (7th Cir. 2004) (quoting *United States v. Ellison,* 798 F.2d 1102, 1106 (7th Cir.), *cert. denied* 479 U.S. 1001 (1986)). "'Entry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard.'" *Id.* (quoting *United States v. Stewart,* 198 F.3d 984, 987 (7th Cir. 1999)).

Conn has not demonstrated that he is entitled to relief in this action. Accordingly, his motion for relief pursuant to § 2255 is **denied,** and this action must be **dismissed with prejudice.** No evidentiary hearing is warranted. *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir. 1976). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/15/2005

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana